· GUIDO GASPARRI, *p. a. vs.* FRANK O. GREENE.

AUGUSTO GASPARRI *vs.* SAME.

JULY 24, 1939.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

FLYNN, C. J. These two actions of trespass on the case for negligence are before us upon the plaintiffs' bills of exceptions to the decisions of the superior court, denying the plaintiffs' motions to assign the cases for trial and granting the defendant's motions to dismiss them for want of prosecution.

Guido Gasparri, by his next friend, sued to recover for personal injuries resulting from the alleged negligence of the defendant, and his father Augusto also sued for damages based on the son's injuries. The cases were commenced by writs dated June 16, 1932 and returnable to the superior court July 1, 1932. Thereafter in each case the defendant filed a plea of the general issue and the plaintiff filed a bill of particulars as ordered.

On October 27, 1932 the cases were assigned for trial to January 23, 1933 but they were not then tried. The cases were again assigned, on February 2, 1933, for trial to April 26, 1933 but they were not tried. From that date until April 10, 1937, both cases were pending and dormant. On that date the plaintiffs' original attorney filed a withdrawal of appearance and the present attorneys filed an entry of their appearance. On April 12, 1937 a motion to assign the cases for trial was filed and on April 15, 1937 the defendant in turn filed a motion to dismiss each case for lack of prose-

cution. The respective motions were heard on April 24, 1937 before a justice of the superior court, who denied the plaintiffs' motions to assign the cases for trial and granted the defendant's motions to dismiss them for want of prosecution.

The question raised is whether the superior court has authority, where equity and law are separate jurisdictions, and in the absence of suitable statute or rule, to dismiss an action at law for want of prosecution. It is apparently conceded that there is no statute or rule of court in this state expressly giving the superior court such authority; and no case in this jurisdiction has been cited which holds that the superior court has inherent power in these circumstances to entertain and grant a motion to dismiss a law action for want of prosecution. We are of the opinion that the instant cases come within the principle of law enunciated recently by us in *Sayles* v. *McLaughlin,* 63 R. I. 271, 7 *Atl.* 2d, 779, and therefore are governed thereby.

Upon the authority of that case, the plaintiff's exception in each case is sustained and the cases are remitted to the superior court for further proceedings.

*Kirshenbaum & Kirshenbaum, Frank H. Bellin,* for plaintiffs.

*Frederick W. O'Connell, Swan, Keeney & Smith,* for defendant.